# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-93-P-H |
| | ) | |
| CORI A. GODIN, | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## COUNT 17 OF THE INDICTMENT

In 2004, Congress enacted the Identity Theft Penalty Enhancement Act. Pub. L. 108-275, § 2(a), 118 Stat. 831. The Act created an enhanced criminal penalty for anyone who, while engaging in an enumerated felony (the indictment in this case alleges bank fraud and social security fraud), "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). This motion to dismiss poses the following question: To qualify for the enhanced penalty, must the defendant actually know that the unauthorized identification in question was that "of another person"? The government says no; the defendant says yes. The caselaw to date is divided. Compare U.S. v. Montejo, 442 F.3d 213 (4th Cir. 2006), and United States v. Contreras-Macedas, 437 F. Supp.2d 69 (D.D.C. 2006) ("knowingly" does not modify "of another person"), with United States v. Beachem, 399 F. Supp.2d 1156

(W.D. Wash. 2005) ("knowingly" does modify "of another person"). I conclude that deciding the issue on a motion to dismiss would be premature; I do not yet know what the evidence will show. I can properly determine it only upon a motion for acquittal at the close of the government's case or perhaps in the context of crafting a jury instruction.

The Montejo district court concluded that "the mens rea requirement of the statute applies only to the conduct involved—transfer, possession, or use—and not to the object of that conduct—the means of identification of another person," 353 F. Supp.2d at 655, but that broad statement cannot be correct.[1] (Montejo itself found its outcome "absurd." Id. at 654.) If during a bank fraud conspiracy, I hand a defendant a sealed envelope asking her to transfer it and its contents to another and she knowingly does so, she has knowingly transferred the envelope and its contents. But if she believes my statement that the envelope contains only a birthday card when in fact it contains a forged social security card, the

---

[1] In U.S. v. X-Citement Video, 513 U.S. 64, 69 (1994), the Supreme Court reasoned:
> If the term "knowingly" applies only to the relevant verbs in § 2252—transporting, shipping, receiving, distributing, and reproducing—we would have to conclude that Congress wished to distinguish between someone who knowingly transported a particular package of film whose contents were unknown to him, and someone who unknowingly transported that package. It would seem odd, to say the least, that Congress distinguished between someone who inadvertently dropped an item into the mail without realizing it, and someone who consciously placed the same item in the mail, but was nonetheless unconcerned about whether the person had any knowledge of the prohibited contents of the package.

government surely would not contend that she should receive the enhanced penalty. The word "knowingly" must modify not just the verb, but also at least the object that immediately follows the verb, namely, "a means of identification." The Fourth Circuit recognized as much when it affirmed <u>Montejo</u>. 442 F.3d at 216 (following a precedent interpreting a similar statute where the court held "the modifier 'knowingly' extended to the object . . . but not the prepositional phrase modifying it . . . ."). We apply the same interpretation to Controlled Substances Act offenses. To be convicted, a defendant must know more than that he is transferring or possessing "something"—he must know that the "something" is a controlled substance such as marijuana or cocaine. 21 U.S.C. § 841.

So "knowingly" must modify both the verb (*e.g.*, "uses") and the immediate object ("a means of identification"). The real question is: does it modify also the secondary prepositional phrase that follows that immediate object, namely, "of another person"? Contrary to <u>Montejo</u>, <u>Beachem</u> concluded "yes," reasoning from the Supreme Court opinion in <u>X-Citement</u>. In <u>X-Citement</u>, the Court dealt with a criminal statute that prohibited "knowingly" transporting, shipping, receiving or distributing visual depictions "if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 513 U.S. at 68. The Court held that the adverb "knowingly" required a defendant to know not merely that he was transporting, shipping, receiving or distributing visual depictions, but that he knew also that they involved the use of a minor engaging

3

in sexually explicit conduct. The grammatical structure of that statute required a much greater semantic leap (applying the adverb "knowingly" to a separate clause—"if the producing . . . involves the use of a minor engaging in sexually explicit conduct") to reach that conclusion than does the grammar of the identity theft law where the semantic extension (requiring knowledge that the information belongs to another person) is merely to a prepositional phrase succeeding the direct object. On the other hand, the government argues persuasively that X-Citement was dealing with what was otherwise innocent conduct (receiving or distributing visual depictions); it was only the content of the depictions that made them criminally unacceptable and it was unlikely that Congress intended to penalize innocent conduct. Here in contrast, the criminal conduct is already defined (someone engaging in bank fraud, social security fraud, or another enumerated felony) and the issue is only whether to impose the enhanced penalty. There is less reason to be concerned therefore with what the defendant knew or did not know about other characteristics of the false means of identification.[2]

---

[2] An apt analogy is federal firearm prohibitions. Title 18 provides for enhanced penalties to any person who possesses certain enumerated firearms (such as a semiautomatic assault weapon or a machine gun) in relation to a drug trafficking crime or a crime of violence regardless of whether the individual knows the firearm has characteristics that bring it within the enhanced penalty provision of the statute. See 18 U.S.C. § 924(c)(1)(A); United States v. Shea, 150 F.3d 44, 52 (1st Cir. 1998). But general firearm prohibitions under Title 26, which are not limited to people already engaged in illegal conduct, require proof that the defendant knows his firearm has the characteristics that make it illegal; otherwise, the statute would impose criminal sanctions on
*(continued on next page)*

Here apparently (I am unsure because I have only the briefs, no factual stipulation), the defendant re-sequenced the last four digits of her social security number. The defendant says that she did not know that the resulting number belonged to another person. The government asserts "that it is simply incredible for the Defendant to claim that there was no way she could have known at least one of these numbers [she used false numbers seven times] was assigned to another individual." Govt.'s Opp'n to Def.'s Mot. to Dismiss Count Seventeen at 6 n.4 (Docket Item 20). Obviously then, there is a jury question over what the defendant knows.³ I decline to make an abstract decision on an issue that ultimately may not reflect the actual facts.

Accordingly, I **DENY** the defendant's motion to dismiss Count 17 of the Indictment. The defendant may pursue her argument by motion for judgment of acquittal and/or in the context of drafting an appropriate jury charge.

**SO ORDERED.**

**DATED THIS 28TH DAY OF FEBRUARY, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

people whose mental state render their actions entirely innocent. See 26 U.S.C. § 5861; Staples v. United States, 511 U.S. 600 (1994).

³ Even if the defendant testifies that she did not know the resulting number belonged to another person, the jury might disbelieve her or convict her of willfulness under a willful blindness instruction (if the evidence supports such an instruction).