# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-93-P-H |
| | ) | |
| CORI A. GODIN, | ) | |
| | ) | |
| DEFENDANT | ) | |

## MEMORANDUM OF DECISION IN SUPPORT
## OF JURY CHARGE

Because the interpretation of 18 U.S.C. § 1028A(a)(1) is unsettled, I file this Memorandum of Decision to explain my jury charge in this case.

Cori Godin was charged with numerous counts of bank fraud and social security fraud, as well as aggravated identity theft pursuant to 18 U.S.C. § 1028(a)(1).  Godin pleaded guilty to all counts except the charge of aggravated identity theft, on which she went to trial.

Section 1028A(a)(1) provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment for 2 years.

18 U.S.C. § 1028A(a)(1).  Godin stipulated that she committed two of the enumerated felonies, and she stipulated that she knew that the means of identification she used—a social security number—was not her own.  It was

undisputed at trial that the social security number she used in the fraud was the valid social security number of another individual who resides in the state of Maine.  The jury convicted Godin.

Godin's position throughout the litigation was that because the statute uses the word "knowingly," the government had the burden to prove that she *knew* that the means of identification she used belonged to another person. Based on that legal argument, Godin filed a motion to dismiss the aggravated identify theft charge for lack of evidence that Godin knew that the social security number belonged to another person.  Def.'s Mot. to Dismiss Count 17 of the Indictment (Docket Item 19).  Because the government did not concede Godin's lack of knowledge, I declined to render an abstract legal interpretation of the statute before trial.  United States v. Godin, 476 F. Supp.2d 1 (D. Me. 2007).   At trial, I also denied a motion for acquittal at the close of the government's case before I decided the legal question, because I found that the jury could believe (based on circumstantial evidence) that the defendant knew that the numbers she used belonged to another person.

At the charge conference, the parties once again argued the legal question of how far the "knowingly" element extends—whether it extends only to "use . . ., without lawful authority, a means of identification" or whether it also extends to "of another person."  I expressed on the record my view that this is a close issue.  In the end, I gave the jury the following instruction:

> To convict Cori Godin of this offense, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, Cori Godin committed bank fraud and / or social security fraud felony violations.  The parties stipulate that she did so.

<u>Second</u>, during and in relation to one or both of those other felony violations, Cori Godin knowingly used a means of identification without lawful authority.

<u>Third</u>, that means of identification belonged to another person.

. . . .

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.  The government must prove that Cori Godin knew that she did not have lawful authority to use the means of identification in question.  The government is not required to prove that she knew the means of identification actually belonged to another person.

I gave this instruction for the following reasons.  First, although not strongly persuasive in either direction, the syntax permits this reading of the statute.

Second, despite one case in the Western District of Washington that says "knowingly" modifies the entire predicate, <u>United States v. Beachem</u>, 399 F. Supp.2d 1156 (W.D. Wash. 2005), the thrust of the caselaw supports the conclusion that "knowingly" does not modify "of another person."  <u>See</u> <u>United States v. Montejo</u>, 442 F.3d 213 (4th Cir. 2006); <u>United States v. Contreras-Macedas</u>, 437 F. Supp.2d 69 (D.D.C. 2006).[1]

---

[1] I did express discontent with the reasoning of these decisions at both the motion to dismiss stage and at the charge conference.  All these cases suggest that knowingly modifies only the verbs and thus the conduct involved—"transfers, possesses, or uses"—and not anything that follows it.  <u>Montejo</u>, 442 F.3d at 215 ("Good usage requires that the limiting modifier, the adverb "knowingly," be as close as possible to the words which it modifies, here, 'transfers, possesses, or uses.'")  In my order on the motion to dismiss, I expressed the view that this statement could not be correct:

If during a bank fraud conspiracy, I hand a defendant a sealed envelope asking her to transfer it and its contents to another and

*(continued next page)*

Third, although the holdings of the <u>Montejo</u> line of cases is that "knowingly" only modifies "transfers, possesses, or uses," the language and rationale from the cases strongly suggest that the defendant must *know* that he or she was using *a means of identification without lawful authority* to be convicted under section 1028A. <u>See</u>, <u>e.g.</u>, <u>Contreras-Macedas</u>, 437 F. Supp.2d at 76 (to be convicted under section 1028A, defendants must know that the means of identification is "fraudulent"); <u>United States v. Crounsset</u>, 403 F. Supp.2d 475, 483 (E.D. Va. 2005) ("the government was required to prove simply that the defendant knew that the passport he presented . . . was fraudulent"); <u>Montejo</u>, 353 F. Supp.2d at 651 ("if a defendant believed that he was using a means of identification that legally belonged to him, when in fact he was using a means of identification that belonged to another person, he would not be subject to conviction under § 1028A(a)(1)"). These opinions fail to explain how 1028A(a)(1) can require so much if "knowingly" modifies only the verb and nothing else. The only way to reconcile what these cases say—that the government must prove that the defendant knew that the means of identification was fraudulent but need not prove that the defendant knew the means of identification belonged to another person—with the language of

---

she knowingly does so, she has knowingly transferred the envelope and its contents.  But if she believes my statement that the envelope contains only a birthday card when in fact it contains a forged social security card, the government surely would not contend that she should receive the enhanced penalty.  The word "knowingly" must modify not just the verb, but also at least the object that immediately follows the verb, namely, "a means of identification."

<u>Godin</u>, 476 F. Supp.2d at 2.

1028A is to say that "knowingly" modifies "use . . ., without lawful authority, a means of identification."

Fourth, the purpose of the statute supports this reading. It is, after all, a statute about "identity theft." Montejo, 442 F.3d at 217 (citing 4 U.S.C.C.A.N., 108th Congress, 2d. Sess. 2004, H. Rep. 779). Here, Godin used the social security number of an innocent Maine resident in a scheme to defraud financial institutions across the state. That Maine resident was a victim of identity theft, whether Godin knew that she was stealing his identity or not. I do not agree with Beachem that section 1028A calls for a "somewhat absurd level of punishment" unless it is read to require that the defendant knew that the means of identification belonged to another person. Beachem, 399 F. Supp.2d at 1158. Under the instruction that I gave at trial, in order to convict, the jury had to find that Godin, while engaging in another enumerated federal crime, used a means of identification that she knew she did not have lawful authority to use. That is a far cry from United States v. X-Citement Video, 513 U.S. 64 (1994), a case where the Supreme Court defined "knowingly" more broadly because it was concerned that otherwise the statute there would penalize entirely innocent conduct.[2] As the District Court said in Montejo, "[A] person who unlawfully transfers, possesses, or uses a means of identification

---

[2] In X-Citement, the Court dealt with a criminal statute that prohibited "knowingly" transporting, shipping, receiving or distributing visual depictions "if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 513 U.S. at 68. The Court held that the adverb "knowingly" required a defendant to know not merely that he was transporting, shipping, receiving or distributing visual depictions, but that he knew also that they involved the use of a minor engaging in sexually explicit conduct.

that does not belong to him or her does so at the risk that it belongs to someone else." <u>Montejo</u>, 353 F. Supp.2d at 651.

DATED THIS 13TH DAY OF JUNE, 2007

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CRIMINAL DOCKET FOR CASE #: 2:06CR93 (DBH)**

| | | |
|---|---|---|
| **United States of America** | represented by | **Craig M. Wolff**<br>Office of the U.S. Attorney<br>District Of Maine<br>100 Middle Street Plaza<br>Portland, ME 04101<br>(207) 780-3257<br>email: Craig.Wolff@usdoj.gov |

**V.**

| | | |
|---|---|---|
| **Cori A. Godin,**<br><br>    **Defendant** | Represented By | **Eric A. Vos**<br>Federal Defender's Office<br>P.O. Box 595<br>Portland, ME  04112-0595<br>(207) 553-7070 ext 102<br>email: eric_vos@fd.org |

7